## A. J. WRIGHT AND OTHERS V. E. A. McKENNEY.

1. In proceeding by motion against a sheriff and his sureties, the motion stands in the place of a petition. The proceeding is summary and *quasi* criminal, and the party plaintiff should be held to a strict compliance with the law.

2. A motion against a sheriff and the sureties on his bond failed to set out the bond, but merely averred that the persons designated as the sureties were such, and were liable as such. *Held*, that the motion is insufficient.

3. Conclusions of law should not be pleaded, but the facts from which such conclusions may or may not be deduced.

4. The liability of sureties is determinable by the nature of their undertaking; and a proceeding against sureties should at least disclose sufficient of their undertaking to enable the court to judge of its nature.

ERROR from McLennan. Tried below before the Hon. J. W. Oliver.

The facts are sufficiently indicated by the opinion of the court and the head notes.

*Coke, Herring & Anderson,* for the appellants.—Our statutes (Paschal's Digest, article 5106) giving the full amount of the judgment, principal, interest, and cost for merely failing to return an execution, without any allegation of fraud, is extremely onerous, and more so than the statutes of many, if not all, other States (Gwyn on Sheriffs, 577, 583); most States giving as damages ten per cent. and actual damage proven. This statute of Texas is oppressive, for it gives peremptorily the whole amount of the execution. In Hamilton v. Ward, 4 Texas, 360 (which was a cause founded on a motion for failing to pay over money, and not a mere failure to return), Judge Wheeler says: "These statutes authorizing summary proceedings, and being in some degree penal in their character, are to be strictly construed in favor of the party to be affected by them (citing 1 McMull. R., 179); and it is undoubtedly true that every fact necessary to a recovery must appear upon the record," citing 4 Yerger's R., 361; 3 Humph. R., 85.

The same is held in Spinks v. Caldwell, 23 Texas, 624. If this be so on motion to recover money fraudulently withheld, *a fortiori* the rule should apply when the motion is founded on a mere failure to return an execution, and even no allegation that the money could have been made on the same. In 4 Yerger (cause above cited), the court says, "In this mode of proceedings every fact must appear on the face of the record, to give the court jurisdiction," citing 3 Cranch, 331; and in Snell's Securities v. Rawling, 3 Humph., 88, the court says: "In summary proceedings, authorized by various statutes, this court has established in many cases the general principle, that the same not being according to the course of the common law, the court before which the motion is made, must set forth the existence of a state of facts, as being shown in proof, authorizing the exercise of its jurisdiction in the rendition of its judgment." If it was not intended by this that the court should describe the character, or specify the details of the

testimony, it is sufficient that the court assume, as having been made to appear to them, the state of facts necessary to justify their legal conclusion.   But in Hamilton v. Ward, 4 Texas, 360, the court says, this is not the rule of this court; it is sufficient if the facts be stated in the petition and ascertained by the judgment. But taking the rules in both causes, and the deduction is forcible that the record must show the facts, not looking to the judgment alone, but to all the papers of file, and made a part of the proceedings of the cause.

*W. M. Walton,* for the appellee.

WALKER, J.—This is a proceeding against a sheriff for not returning execution according to law.

The law requires notice of the motion to be served upon the sheriff at least three days before the motion can be made.   This record does show that some sort of notice was served upon the defendants, but it does not appear whether it was notice of the motion or the motion itself.

The motion takes the place of the petition in this class of cases. The proceeding is summary and *quasi* criminal, and a strict compliance with the law should be required.   The motion would be bad on demurrer ; it does not sufficiently set forth the liability of the securities on the sheriff's bond.   Conclusions of law are not to be plead, but the facts from which such conclusions may or may not be derived.   The bond should be set out, or at least so much of it as will enable the court to determine whether the sureties are liable upon it or not.   The liability of sureties is strict matter of law, to be determined by the nature of their undertaking.   In this case the court had nothing before it from which this question could be legally determined.   The judgment is reversed and the cause remanded.

Reversed and remanded.